UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

JOHN M. GASKIN and
RHONDA GASKIN,
              **Plaintiffs,**

vs.                                         CASE NO.:   08-4284

ARTHUR C. HOBGOOD,
              **Defendant.**

## PLAINTIFFS MOTION IN LIMINE

Comes now Plaintiffs and by their attorney, John L. Young, moves for an Order in Limine allowing Plaintiffs to present evidence and preventing the Defendant from introducing into evidence, presenting testimony, or commenting upon one or more of the following:

1. **ASKING THE INSURANCE QUESTION IN VOIRE DIRE**:

Plaintiffs intend to ask in the middle of voire dire if any member of the panel, or his/her family could be a stock holder, officer, director or agent of Allstate insurance company. From the jury questionnaire, there are many on the panel who are employed or have a family member who is employed by an insurance company. Under existing law, Plaintiffs are entitled to ask the insurance question to determine if anyone has an interest by occupation or financial which could affect their ability to serve on the jury. Ivy vs. Hawk, 878 S.W.2d 442, 444-445 (Mo. banc. 1994); Banks vs. Village Enterprises, Inc., 32 S.W.3d 780, 792-795 (Mo. App. 2000). See Vol. 33, Missouri Practice Courtroom Evidence, Section 411.2 Exceptions (2005 Ed.)

2. **PLAINTIFF'S MEDICAL EVIDENCE**:

Plaintiff's relevant medical records and bills have been submitted by medical

1

records affidavit. Section 490.680 RMSo and 490.525 RSMo. They should be admitted where Defendant has not filed a procedural objection. See <u>White vs. American Republic Insurance Company</u>, 799 S.W.2d 183, 194 (Mo. App. 1990). See Fed R. Evidence 803(3), 803(4).

 3. **PLAINTIFF'S INJURY**:

Plaintiff is allowed to present evidence of his health and physical condition prior and subsequent to the accident to prove his injury by sudden onset. <u>Eickman vs. St. Louis Public Service Co.</u>, 323 S.W.2d 802, 806 (Mo. 1955).

 4. **NO EVIDENCE OF DEFENDANT'S GOOD DRIVING RECORD SHOULD BE ALLOWED**:

Evidence of a previously good driving record does not tend to establish the driver was not negligent at the time of the accident in question. Such evidence is inadmissible. <u>Williams vs. McCoy</u>, 854 S.W.2d 545, 556 (Mo. App. 1993) (citing <u>Williams vs. Bailey</u>, 759 S.W.2d 394, 396 (Mo. App. 1988)). Fed R. Evidence 403

 5. **EVIDENCE NOT PRODUCED BY DEFENDANT IN DISCOVERY**:

Evidence not produced by Defendant in discovery or timely supplemented should be excluded as unfair surprise. <u>Hilmer vs. Hezel</u>, 492 S.W.2d 395, 396 (Mo. App. 1973).

 6. **PREVENTING DEFENDANT FROM INTRODUCING ANY EXPERT EVIDENCE BY TESTIMONY OR EXHIBIT OF THE ACCIDENT CAUSED BY POINT OF IMPACT SPEED FAULT OR OTHER CAUSATION**:

The law is clear; an accident expert's testimony is limited. For example, an expert who has personally inspected the accident scene was allowed to present testimony of what he saw. He cannot give point of impact testimony. <u>Peterson vs.</u>

National Carriers, Inc., 972 S.W.2d 349, 354-356 (Mo. App. W.D. 1968).  It is a longstanding legal precedent that opinion testimony by expert cannot offer as to who was at fault causing the accident where the expert did not witness the accident. Khan vs. Gutsgell, 55 S.W.3d 440, 442-443 (Mo. App. 2001).  Expert accident reconstruction testimony should be excluded on automobile acceleration, capability road grade at collision, the truck's speed, no brakes on the truck, rotation of the car and when the expert visited the accident scene two years of after accident and the road surface had changed.  Knox vs. Simmons, 838 S.W.2d at 24.  The Courts consistently hold that "all jurors are experienced motorists".  The jury is capable of reasoning backward from the evidence of marks and debris to analyze what happened and expert testimony is not proper.  Williams vs. McCoy, 854 S.W.2d 845, 850-853 (Mo. App. 1993).  Lay witness can present testimony of what they hear, feel, smell, taste, and see, including what they observed from the accident scene and point of impact while an expert cannot give such testimony.  Elmahdi vs. Etheridge, 987 S.W.2d 366, 371-372 (Mo. App. 1999).  Because a "layman jury possessed of the facts is competent as witness to draw conclusion on the subject with their experience and common to mankind, in general opinion testimony may be exclude because its superfluous".  Stucker vs. Chitwood, 841 S.W.2d 816, 818 (Mo. App. 1992).  In Stucker, an expert cannot express opinion as to fault, what caused the accident, or how the accident could have been avoided.  Id at 820.  If the jury can view the photographs and draw their own conclusions, an expert opinion should be excluded based upon opinion from photographs.  Id at 822.

  Plaintiffs may call the police officer or submit his report.  The officer should be allowed to present his findings and conclusions based upon his own observation at the accident scene based on his public record police report or his report should be submitted.  Fed R. E 803(8).  See Vol. 33 Missouri Practice Courtroom Evidence,

3

Section 803(8).4, police, fire, and other investigative reports (2005 Ed.)

Wherefore, Plaintiffs pray for an order preventing Defendant from presenting evidence on the above matters and limiting the evidence and allowing Plaintiffs to introduce evidence as stated above.

BY /s/John L. Young
John L. Young - 36718
712 Main Street
Princeton, MO 64673
660 - 748-3477
660 - 748-4707 - FAX
ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that I have e-filed and mailed, postage prepaid, a copy of the above to the attorney of record for the above cause of action this 9th day of November, 2009.

/s/John L. Young
John L. Young

4