# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| John M. Gaskin and Rhonda Gaskin, <br>     Plaintiffs, | ) <br> ) <br> ) | |
| vs. | ) | No. 08-4284-CV-C-FJG |
| Arthur C. Hobgood, <br>     Defendant. | ) <br> ) <br> ) | |

## ORDER

Pending before the Court are Plaintiffs' Motion in Limine (Doc. No. 36) and Defendant's Motions in Limine (Doc. No. 59). Both will be considered, below.

**I. BACKGROUND**

This case is the result of an automobile accident, and is in federal court on the basis of diversity jurisdiction. Plaintiffs are John and Rhonda Gaskin from Lawrence, Kansas, and defendant is Arthur Hobgood of Warsaw, Missouri. On June 3, 2006, plaintiff John Gaskin was the passenger in a 1998 White Plymouth van, and plaintiff Rhonda Gaskin was the driver of the van. Rhonda Gaskin stopped at a stop sign at an intersection, and plaintiffs allege that defendant was negligent and ran into the rear of plaintiff's stopped vehicle with his 2005 Dodge pickup. As a result, plaintiffs allege that John Gaskin received injuries to his legs, back, neck, migraine headaches, elbow, face, body and aggravation of his prior condition of Lupus syndrome. Plaintiffs also allege that John Gaskin has incurred expenses on account of medical treatment, pain and suffering, and loss of income, as well as property damage to the 1998 Plymouth van. Plaintiff Rhonda Gaskin alleges a claim for loss of consortium.

**II. PLAINTIFF'S MOTION IN LIMINE (Doc. No. 36)**

    1.    Asking the Insurance Question in Voir Dire

Plaintiffs have moved for an order in limine allowing them to ask "the insurance question" in voir dire. Specifically, plaintiffs wish to ask whether

any member of the panel or his or her family is a stockholder, officer, director or agent of Allstate Insurance Company.

Defendant has filed no direct opposition. However, in defendant's motion in limine (see below), defendant requests that the Court not allow any evidence, comments or other reference to defendant's liability insurance.

**Ruling: Denied.**

2. Plaintiff's Medical Evidence

Plaintiffs state "Plaintiff's relevant medical records and bills have been submitted by medical records affidavit. Section 490.680 RMSo [sic] and 490.525 RSMo. They should be admitted where Defendant has not filed a procedural objection. See White vs. [sic] American Republic Insurance Company, 799 S.W.2d 183, 194 (Mo. App. 1990). See Fed. R. Evidence 803(3), 803(4)."

Defendant has filed no opposition.

**Ruling: Denied. Plaintiffs must lay a foundation for the admissibility of evidence, or must receive a stipulation from defendant as to the admissibility of this evidence.**

3. Plaintiff's injury

Plaintiffs state: "Plaintiff is allowed to present evidence of his health and physical condition prior and subsequent to the accident to prove his injury by sudden onset. Eickman vs. [sic] St. Louis Public Service Co., 323 S.W.2d 802, 806 (Mo. 1955)."

Defendant has filed no opposition.

**Ruling: Denied. Without some indication of the evidence plaintiff seeks to introduce, any ruling would be premature.**

4. No evidence of Defendant's Good Driving Record should be allowed

Plaintiff moves for an order in limine prohibiting defendant from introducing evidence of a previous good driving record, as it does not intend to establish that the driver was not negligent at the time of the accident in question.

Defendant has filed no opposition.

**Ruling: Sustained.**

5. Evidence not produced by defendant in discovery

Plaintiff moves for an order in limine prohibiting defendant from introducing evidence not produced in discovery.

Defendant has filed no opposition.

**Ruling: Sustained.**

6. Preventing defendant from introducing any expert evidence by testimony or exhibit of the accident caused by point of impact speed fault or other causation

Plaintiff moves for an order in limine prohibiting defendant from putting on certain accident expert testimony about who might have been at fault in causing the automobile accident.

Defendant has filed no opposition.

**Ruling: Sustained.**

### III. DEFENDANT'S MOTION IN LIMINE (Doc. No. 59)

As a preliminary matter, the Court notes that the issues raised in numbers 1-3 below relate to deposition testimony that has been designated for use at trial. In examining these motions, the Court attempted to review defendant's objections to plaintiffs' designations of deposition testimony. See Doc. No. 62. Unfortunately, in defendant's objections to plaintiffs' deposition designations, defendant only lists the page and line numbers of the objections, but fails to give the Court his grounds for the objections. Therefore, defendant's objections to plaintiff's deposition designations were of no use to the Court in its examination of defendant's motion in limine. Further, as the Court is unable to determine the basis for defendant's objections, it would not be able to rule on same prior to trial.

Therefore, defendant is **ORDERED** to re-submit his objections to plaintiffs'

deposition designations, indicating the grounds for each objection.[1] Defendant's re-submission is due on or before **MAY 10, 2010.** Further, plaintiffs' objections to defendant's deposition designations appear to suffer from the same deficiency (see Doc. No. 68). Plaintiffs are **ORDERED** to re-submit their objections to defendant's deposition designations, indicating the grounds for each objection, on or before **MAY 17, 2010.**

1. Opinions of Dr. Sanjeev Kumar regarding the cause of John Gaskin's migraine headaches.

    Defendant notes that Dr. Kumar is a non-retained expert for plaintiffs, who is a board-certified Neurologist practicing in Lawrence, Kansas. Both parties appear to have agreed that Dr. Kumar can testify via video deposition. Dr. Kumar testified that John Gaskin suffered from "headaches with migraine features." Defendant states that plaintiffs' counsel asked Dr. Kumar whether the headaches were caused by or aggravated by the car accident at issue here, and in response Dr. Kumar stated "both are possible." Kumar Depo. p. 10, lines 13-19. Defendant further notes that later in the deposition, defense counsel asked whether Gaskin's headaches resulted from the car accident, and Dr. Kumar stated "It's possible." Kumar depo. p. 57, lines 12-18. Defendant states that this testimony does not meet the standard for a medical expert's opinion, that is, a reasonable degree of medical certainty. Bone v. Ames Taping Tool Systems, Inc., 179 F.3d 1080 (8th Cir. 1999).

    Plaintiffs have filed no opposition.

**Ruling: Denied.**

2. Medical bills related to Dr. Kumar's treatment

    Defendant states that these records should be excluded because plaintiff has failed to establish the requisite evidentiary foundation. Defendant states that medical bills are not admissible unless the injured party first establishes that the expenses incurred were reasonable and necessary (Schaeffer v. Craden, 800 S.W.2d 165 (Mo. App. E.D. 1990)), and that plaintiff failed to actually show Dr. Kumar during his deposition any bills or records of the tests given. See Kumar Depo., p. 28, lines 19-24, where defense counsel objects to plaintiffs' counsel's question regarding whether the bills were reasonable and

---

[1] The parties should note that the statement of grounds can be very short (i.e., "relevance," "hearsay," etc.).

necessary, since counsel hadn't "put before this witness any medical bills that are related to his treatment, and you would have to do so and have this doctor identify them."

Plaintiffs have filed no opposition.

**Ruling: Denied.**

3. Testimony from Dr. Kumar and Dr. Severa regarding Dr. Segebrecht's medical records

Defendant notes that during the depositions of Drs. Kumar and Severa, plaintiffs' counsel referred to medical records from Dr. Segebrecht, and plaintiffs' counsel asked the doctors to comment on the records and diagnosis given by Dr. Segebrecht. Defendant indicates that although medical records are generally admissible as business records, an opinion regarding the plaintiff's illness contained in the records is objectionable because it is beyond the scope of the business records exception to the hearsay rule.

Plaintiffs have filed no opposition.

**Ruling: Denied.**

4. Evidence, comments or any other reference to liability insurance

Defendant indicates that introducing evidence of his liability insurance with Allstate is not probative of any material fact in the case and would be highly prejudicial. Defendant notes that generally it is improper to inject the issue of liability insurance into a damages action. See Ruzicka v. Ryder Student Transp. Services, Inc., 145 S.W.3d 1, 17 (Mo. App. S.D. 2004).

Plaintiffs have filed no direct opposition; however, it is obvious from their own motion in limine that they seek to ask the venire whether any of them have a relationship with Allstate.

**Ruling: Sustained.**

5. Evidence, comments or other references to Hobgood's prior car accidents

Defendant notes that he testified in deposition that he had been in approximately ten car accidents, including a few rear-end accidents. Defendant notes that evidence of prior accidents is inadmissible unless the accidents are similar in character, occurred under the same circumstances and resulted from the same cause. See Laubach v. Otis Elevator Co., 37

5

F.3d 427 (8th Cir. 1994). Defendant asserts that is not the case here; instead, he indicates that only three of his prior accidents involved people rear-ending each other, and in each of those accidents defendant was not at fault. Defendant states that introduction of these prior acts would mislead the jury, reflect negatively on defendant's character, and would be highly prejudicial.

Plaintiffs have filed no opposition.

**Ruling: Sustained.**


    **IT IS SO ORDERED.**

        /s/Fernando J. Gaitan, Jr.
        Fernando J. Gaitan, Jr.
        Chief United States District Judge

Dated:   05/03/10
Kansas City, Missouri